## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SOMETHING SWEET ACQUISITION, INC., *et al.*[1] | Case No. 21-10992 (CSS) |
| Debtors. | (*Jointly Administered*) |

### DEBTORS' MOTION FOR AN ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 6004(H) AUTHORIZING THE SALE OF MISCELLANEOUS ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES AND GRANTING CERTAIN RELATED RELIEF

The above-captioned affiliated debtors and debtors in possession (collectively, the "**Debtors**") hereby move (this "**Motion**") for an entry of an order (the "**Proposed Order**"), substantially in the form attached hereto as **Exhibit A**, pursuant to sections 105(a) and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"), and Rules 2002 and 6004(h) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") authorizing the sale of certain of the Debtors' Miscellaneous Assets (as defined below) outside the ordinary course of business, free and clear of all liens, claims, interests and encumbrances, and certain related relief. In support of this Motion, the Debtors submit the Declaration of Lawrence Fox, the Debtors' CFO and CRO, and respectfully state as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court from the District of Delaware, dated February 29, 2012 (the "**Amended Standing Order**"). This matter is

---

[1] The names and last four digits of the tax identification numbers for each of the Debtors are as follows: Something Sweet Acquisition, Inc. (Tax ID: 1256); Something Sweet, Inc. (Tax ID: 8621).

a core proceeding pursuant to 28 U.S.C. § 157(b), and the Debtors confirm their consent pursuant to Rule 9013(f) of the Local Rules of Bankruptcy Practice and Procedure for the District of Delaware (the "**Local Rules**") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      The statutory and legal predicates for the relief requested herein are sections 105 and 363 of the Bankruptcy Code, Bankruptcy Rule 6004, and Local Rule 6004-1.

## **BACKGROUND**

3.      On July 2, 2021, each of the Debtors commenced a voluntary case under the Bankruptcy Code (collectively, the "**Chapter 11 Cases**"). The Debtors have continued in possession of their property and maintain their business as debtors in possession pursuant to sections 1107(a) and 1008 of the Bankruptcy Code.

4.      On July 21, 2021, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Committee**") pursuant to section 1102 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or examiner in these Chapter 11 Cases.

5.      Additional information regarding the Debtors' business, capital structure, and the circumstance leading to the filing of the Chapter 11 Cases is set forth in the *Declaration of Lawrence Fox in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 10] (the "**First Day Declaration**").

6.      The Debtors are a large-scale baking company that produce high-quality, high volume, private label baked goods, including pies and cakes. Their products are sold through regional and national grocery store and 'big box' store chains.

7.      On July 22, 2021, the Debtors filed a motion for entry of order, among other things, (i) approving certain bidding and auction procedures for the sale of substantially all the Debtors' assets; (ii) authorizing the sale of the Debtors' assets free and clear of all liens; (iii) authorizing the assumption and assignment of certain executory contracts and unexpired leases; and (iv) granting related relief [Docket No. 70] (the "**Sale Motion**").[2]

8.      The Sale Motion requests that the Court enter an order allowing the Debtors to market their assets for sale and set a bid deadline for September 16, 2021, and, if required, an auction for September 20, 2021. Subsequently, the Debtors propose that the Court hold the hearing to approve the sale and enter the Approval of Order on September 23, 2021, which has been rescheduled to September 28, 2021.

9.      The Debtors have determined that an additional sale and disposition of certain ancillary assets consisting of dated products, raw materials, unfinished products, ingredients, and other perishable items, not otherwise including in the pending Sale Motion, have monetary value. The products included in the proposed sale, and listed on the attachment to the purchaser's offer, are characterized as: (i) Finished Products and (ii) Raw Materials (collectively, "**Miscellaneous Assets**"). The Miscellaneous Assets are located at the Debtors' New Haven Connecticut locations.

10.     The Debtors have received three (3) offers to purchase the ancillary assets. The Debtors evaluated those offers and determined for the reasons set forth herein and in the Declaration of Lawrence Fox, attached hereto as **Exhibit B**, that it is in the best interest of the

---

[2] Capitalized terms used but otherwise not defined herein shall have the meanings prescribed in the Sale Motion, as applicable.

Debtors' estates and creditors of the estates to sell the Miscellaneous Assets to the highest and best offer submitted by Omni Foods, Inc. ("**Omni**") pursuant to the Offer to Purchase attached hereto as **Exhibit C**.

**RELIEF REQUESTED**

11.    By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto, assuming the sale to Omni is approved[3] authorizing the sale of the Miscellaneous Assets outside of the Debtors' ordinary course of its their business, free and clear of all liens, claims, interests, and encumbrances, pursuant to sections 105 and 363 of the Bankruptcy Code and granting certain related relief.

**BASIS FOR RELIEF**

12.    As set forth above, the Debtors have determined that the liquidation of the Miscellaneous Assets is necessary and in the best interests of their estates and stakeholders. Given the nature of the Miscellaneous Assets, the Debtors are required to expeditiously sell these products, or they will spoil and lack all monetary value.  Moreover, the Miscellaneous Assets are not useful or necessary for a buyer that is seeking the purchase substantially all of the Debtors' fixed assets pursuant to the Sale Motion as the Miscellaneous Assets are primarily finished products and materials for the Debtors' business when it was previously operating.

13.    In the ordinary course of their business operations, the Debtors have accumulated and are currently in possession of the Miscellaneous Assets that were not used or sold at the time

---

[3] In the event that a sale to a third party overbidder is approved by this Court, then an alternative Order will be provided, incorporating that term of the Agreement with Omni that provides for a Breakup Fee of three percent (3%) of the gross sales price plus reimbursement of reasonable legal fees and costs of Omni incurred in connection with this matter.

the Debtors filed their bankruptcy Petitions.    Approximately fifty percent (50%) of the Miscellaneous Assets are dated and have a short shelf life if not utilized or sold expeditiously.

14.    In the exercise of their sound business judgment, the Debtors have determined that the prompt sale of the Miscellaneous Assets is in the best interest of the Debtors' stakeholders and will enable Debtors to maximize the value of the Miscellaneous Assets.  The Debtors desire to sell the Miscellaneous Assets in order to, among other things, eliminate costs associated with maintaining unnecessary assets, including incurring certain administrative expenses related to the maintenance and storage of the assets, and to preserve and maximize the value of the assets for the bankruptcy estates.

15.    As the Debtors are no longer operating, the Miscellaneous Assets have no use to the Debtors' estate other than to generate value by private sale.  The Debtors submit that the entry of an order authorizing the sale of Miscellaneous Assets, is warranted under these circumstances and in furtherance of the Debtors' efforts to successfully consummate these Chapter 11 Cases.

I.    **Proposed Terms for Sale of Miscellaneous Assets**

16.    In connection with the sale of the Miscellaneous Assets, the Debtors seek authorization to sell such Miscellaneous Assets as follows:

a.    The Debtors are selling the Miscellaneous Assets and Omni is purchasing the Miscellaneous Assets listed on the exhibit to the Offer, subject to price adjustment based on product aging and final counts-on-hand at the Debtors' locations.

b.    Omni has agreed to pay approximately $238,227.03 (the "**Purchase Price**"), which is broken down as follows: Finished Products are being sold for $55,010.25 and Raw Materials are being sold for $183,216.78.

c.    The Sale of the Miscellaneous Assets is on an "AS IS-WHERE IS" basis without any representations or warranties from the Debtors as to the quality or fitness of such assets for either their intended or any other purposes.

d.  Omni will take title to the Miscellaneous Assets free and clear of liens, claims, encumbrances and other interests pursuant to section 363(f) of the Bankruptcy Code, with all such liens, claims, encumbrances and other interests, if any, to attach to the proceeds of the sale of the Miscellaneous Assets.

e.  Omni is a good faith purchaser of the Miscellaneous Assets and shall be entitled to the protections of section 363(m) of the Bankruptcy Code.

f.  Delivery of the Miscellaneous Assets shall occur on or before August 31, 2021, or other date as agreed to by the Parties.

g.  The Sale is subject to higher and better offers prior to the hearing on this Motion.

h.  If Omni is not the selected buyer at the time of the hearing, and there is a higher and better offer, the Debtors will pay Omni 3% of the total purchase price plus reasonable legal fees and out of pocket costs.

*See* Exhibit C.

17.  The Debtors intend to proceed with the closing of the Sale of the Miscellaneous Assets as soon as possible after the Motion is approved.

## II.  The Sales of the Miscellaneous Assets Represents an Exercise of the Debtors' Business Judgment

18.  Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that a debtor in possession, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).  Section 363 of the Bankruptcy Code does not set forth a standard for determining when it is appropriate for a court to authorize the sale or disposition of a debtor's assets prior to confirmation of a plan.  However, courts in this Circuit and others have required that the decision to sell assets outside the ordinary course of business be based upon the sound business judgment of the debtors.  *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143 (3d. Cir. 1986); *see also Myers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d

Cir. 1996); *Comm. Of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.*), 722 F.2d 1063, 1071 (2d Cir. 1983); *Dai-Ichi Kangyo Bank Ltd. V. Montgomery Ward Holding Corp., (In re Montgomery Ward Holding Corp.*), 242 B.R. 147,153 (D.Del. 1999); *In re Delaware & Hudson Ry Co.*, 124 B.R. 169, 176 (D.D.C. 1991).

19.     The "sound business judgment" test requires a debtor to establish four elements in order to justify the sale or lease of property outside the ordinary course of business, namely (a) that a "sound business purpose" justifies the sale of assets outside the ordinary course of business, (b) that adequate and reasonable notice has been provided to interested persons, (c) that the debtors have obtained a fair and reasonable price, and (d) good faith. *Abbotts Diaries*, 788 F.2d 143; *Titusville Country Club v. Pennbank (In re Titusville Country Club)*, 128 B.R. 396,399 (Bankr. W.D. Pa. 1991); *In re Sovereign Estates, Ltd.*, 104 B.C. 702, 704 (Bankr. E.D. Pa. 1989). A debtor's showing of a sound business purpose need not be unduly exhaustive; rather, a debtor is "simply required to justify the proposed disposition with sound business reasons." *In re Baldwin United Corp.*, 43 B.R. 888,906 (Bankr. S.D. Ohio 1984). Whether or not there are sufficient business reasons to justify a transaction depends upon the facts and circumstances of each case. *Lionel*, 722 F.2d at 1071; *Montgomery Ward*, 242 B.R. at 155 (approving funding of employee incentive and severance program; business purposed requirement fulfilled because stabilizing turnover rate and increasing morale were necessary to successful reorganization).

20.     Additionally, section 105(a) of the Bankruptcy Code provides a bankruptcy court with broad powers in the administration of a case. Section 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).  Provided that a bankruptcy court does not employ its equitable powers to achieve a result not contemplated by the Bankruptcy Code, the exercise of

its section 105(a) power is proper. *In re Fresco Plastics Corp.*, 996 F.2d 152, 154 (7th. Cir. 1993); *Pincus v. Graduate Loan Ctr. (In re Pincus)*, 280 B.R. 303,312 (Bankr. S.D.N.Y. 2002). Pursuant to section 105(a), a court may fashion an order or decree that helps preserve or protect the value of a debtor's assets. *See e.g.*, *Chinichian v. Campolongo (In re Chinichian)*, 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to purposed of the Bankruptcy Code."); *In re Cooper Props. Liquidating Trust, Inc.*, 61 B.R. 531, 537 (Bankr. W.D. Tenn. 1986) (nothing that the bankruptcy court is "one of equity and as such it has a duty to protect whatever equities a debtor may have in property for the benefit of its creditors as long as that protection is implemented in a manner consistent with the bankruptcy laws.").

21.     There is more than ample business justification for the approval of the sale of the Miscellaneous Assets as proposed by the Debtors. Further, some inventory, such as raw materials, have an expiration date, and consequently, require a prompt sale.  The Debtors submit that the sales of the Miscellaneous Assets will inure to the benefit of the Debtors' estates and creditors, as they will further the Debtors' efforts to efficiently and expeditiously sell the assets during these Chapter 11 proceeding, without unnecessary delay, therefore, represents the exercise of the Debtors' sound business judgment.

22.     The Debtors' proposed sales of the Miscellaneous Assets are in "good faith" within the meaning of the *Abbotts Dairies* analysis. The Debtors represent that no insider will gain an unfair advantage from the sale.  The Debtors have provided Notice with a reasonable opportunity to review, among other things, the adequacy of the price to be received from the sale of Miscellaneous Assets.

23.     Bankruptcy Rule 2002(a)(2) generally requires a minimum of twenty-one (21) days' notice of proposed sales of estate property outside the ordinary course of business to be provided by mail to parties in interest "unless the court for cause shown shortens the time or directs another method of giving notice." Fed. R. Bankr. P 2002(a)(2).

24.     The Bankruptcy Code defines the notice and hearing requirement to mean such notice and opportunity for hearing "as is appropriate in the particular circumstances" of the case, including court approval of a sale of estate property without a hearing where appropriate notice is given and no party timely requests a hearing. 11 U.S.C. § 102(1). Similarly, the court in *In re Loman Fin. Corp.* held that notice is appropriate under section 102(a) of the Bankruptcy Code where it is "reasonable calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." 212 B.R. 46,54 (Bankr. D. Del. 1997) (quoting *Mullane v. Central Hanover & Trust Co.*, 339 U.S. 306,314 (1950)). Pursuant to Bankruptcy Rule 2002(i), courts may limit notice of asset sales outside of the ordinary course of a debtor's business, even without a prior showing of cause, to any official committee appointed under section 1102 of the Bankruptcy Code requesting notice.

25.     Finally, as demonstrated above, the sale of the Miscellaneous Assets is based on a sound business purpose, providing notice to those parties in interest, for a fair and reasonable price, to a good faither purchaser, and well within the Debtors' business judgment.

### III.   Sales of Miscellaneous Assets Should be Sold Free and Clear of Liens, Claims, Interests and Encumbrances Under 11 U.S.C. § 363(f)

26.     Pursuant to section 363(f) of the Bankruptcy Code, a debtor in possession may sell all or any part of its property free and clear of any and all liens, claims or interests in such property if (i) such a sale is permitted under applicable non-bankruptcy law, (ii) the party asserting such a lien, claim or interest consents to such a sale, (iii) the interest is a lien and the purchase price for

the property is greater than the aggregate amount of all liens on the property, (iv) the interest is the subject of a *bona fide* dispute, or (v) the party asserting the lien, claim or interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest. 11 U.S.C. § 363(f). Because section 363(f) of the Bankruptcy Code is stated in the disjunctive, satisfaction of any one of its five requirements will suffice to permit the sale of the assets "free and clear" of liens and interests. *See In re Kellstrom Indus., Inc.*, 282 B.R. 787, 793 (Bankr. D. Del. 2002) (*citing In re Elliot*), 94 B.R. 343, 345 (E.D. Pa. 1988)) (section 363(f) written in disjunctive; court may approve sale "free and clear" provided at least one of the subsections is met).

27.     This provision is supplemented by section 105(a) of the Bankruptcy Code, which provides that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

28.     The Debtors propose to sell the Miscellaneous Assets in a commercially reasonable manner and expects that the value of the proceeds from such sale will fairly reflect the value of the property. The Debtors anticipate that the DIP Lender and its prepetition secured parties will consent to the sales of the Miscellaneous Assets. The Debtors also proposes that any holder of a lien on a Miscellaneous Asset sold will have a corresponding interest in the proceeds of such sale. Further, any such lien holder, as an Interested Party, would have an opportunity to object to the proposed sale and should be deemed to consent to such sale, within the meaning of section 363(f)(2) of the Bankruptcy Code, in the absence of objecting to the sale. Accordingly, the requirements of section 363(f) of the Bankruptcy Code will be satisfied for the sale of the Miscellaneous Assets free and clear of all liens, claims, interests, and encumbrances, with any such liens to attach to the proceeds of the sale.

29.     Relief of the type sought herein has been granted in this jurisdiction in other cases under similar circumstances. *See, e.g. In re Haggen Holdings, LLC,* Case No. 15011874 (KG) (Bankr. D. Del. Mar. 17, 2016); *In re Source Home Entertainment, LLC* No. 14-11553 (KG) (Bankr. D. Del July 18, 2014); *In re Savient Pharmaceuticals, Inc.*, No. 13-12680 (MFW) (Bankr. D. Del. Dec. 17, 2013); *In re Rural/Metro Corporation*, No. 13-11952 (KJC) (Bankr. D. Del. Sept. 12, 2013); *In re Overseas Shipholding Grp., Inc.*, No. 12-20000 (PJW) (Bankr. D. Del. Aug. 26, 2013).

### IV.     Purchaser of the Miscellaneous Assets Should be Afforded All Protections Under Section 363(m) of the Bankruptcy Code as a Good Faith Purchaser

30.     Section 363(m) of the Bankruptcy Code protects a good faith purchaser's interest in property purchased from the debtor notwithstanding that a sale conducted under section 363(b) is later reversed or modified on appeal.  Specifically, section 363(m) states that:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease  were  stayed pending appeal.

11 U.S.C. § 363(m).

31.     The Debtors submit that the selection of the purchaser is a product of arm's-length, good faith negotiations. Accordingly, the Debtors request that the Court make a finding in the Proposed Order that purchaser of the Miscellaneous Assets has purchased such assets in good faith and are entitled to the full protections of section 363(m) of the Bankruptcy Code.

32.     In addition, the Sale to the Omni is subject to any higher and better offers that may be received prior to the hearing on this Motion.  The Debtors intend to serve the Motion on any and all parties that have previously expressed interest in the Miscellaneous Assets.  To the extent

any additional offers are received, the Debtors will evaluate those and then determine if such offer is a higher and better offer.

## V.    **Bankruptcy Rule 6004(h) Should be Waived**

33.    Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property . . . is stayed until the expiration of [fourteen] (14) days after entry of the order, unless the court orders otherwise." Fed. R. Bank. P. 6004(h).

34.    The Debtors submit that under the circumstances, ample cause exists to justify the waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h).  Any delay in the Debtors' ability to sell the Miscellaneous Assets would be detrimental to the Debtors' estates and creditors.  If the sale is prolonged there is a possibility that the certain inventory, ingredients, and/or finished products will no longer have value.  Thus, it is in the best interest of the Debtors' estates to facilitate the closing of this sale transactions, thereby expediting the receipt of related sale proceeds into the estates.  Accordingly, the Debtors submit that the fourteen-day stay set forth in Bankruptcy Rule 6004(h) should be waived in connection with all sales of Miscellaneous Assets.

35.    For the reasons set forth above, the Debtors respectfully request that the Court authorize and approve the relief requested herein as an exercise of the Debtors' sound business judgment.

## NOTICE

36.    Notice of this Motion has been provided to the following parties: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the DIP Lender and Prepetition Secured Parties; (iv) counsel to the Official Committee of Unsecured Creditors, (v) any party that has previously expressed an interest in purchasing the Miscellaneous Assets, and

(vi) all parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

WHEREFORE, the Debtors respectfully request the entry of the proposed form of Order, authorizing the Debtors to sell the Miscellaneous Assets to Omni, or purchaser with the highest and best offer, free and clear of all liens, claims, encumbrances, and interests, and grant all such other and further relied as is just and proper.

**BIELLI & KLAUDER, LLC**

Dated: August 19, 2021
      Wilmington, Delaware

*/s/ David M. Klauder*
David M. Klauder (No. 5769)
1204 N. King Street
Wilmington, DE 19801
Phone: (302) 803-4600
Fax: (302) 397-2557
Email: dklauder@bk-legal.com

*Counsel to the Debtors*
*and Debtors-In-Possession*